FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAY 10  PM 4: 09

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO. 00-119 |
| GILES McGEE | * | SECTION: "C" |

### MOTION TO CORRECT OVERSIGHT IN SENTENCE
### AND INCORPORATED MEMORANDUM OF LAW

Giles McGee, appearing through undersigned counsel, hereby moves this Honorable Court to amend the judgment imposed on January 16, 2002, in the captioned matter pursuant to Rule 36 of the Federal Rules of Criminal Procedure in order to correct the omission of a statement permitting his current federal sentence to be served concurrently with the state sentence he received upon revocation of his state parole.

> Rule 36 provides:
>
> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct any error in the record arising from oversight or omission.

___ Fee_____
___ Process_____
X   Dktd_____
✓   CtRmDep_____
___ Doc. No._____

The error Mr. McGee seeks to have corrected is the court's omission of any reference to the state parole he was on at the time of the sentencing.

At sentencing, the court made no reference to that parole. No statement was made by the court about its preference as to whether the sentence in the instant case and the inevitable state parole revocation time should run concurrently or consecutively.

Mr. McGee is currently incarcerated in the Federal Correctional Institution at Forrest City, Arkansas. The State of Louisiana has lodged a detainer against Mr. McGee because his parole was automatically revoked as a result of the new federal conviction. Mr. McGee has endeavored to have that detainer removed only to be told by the state Department of Safety and Corrections that the detainer cannot be removed.

According to a letter from the Department of Public Safety and Corrections, the Parole Board would, however, honor an order to the effect that the parole revocation sentence and the federal sentence are to run concurrently.

This court cannot change the state parole violation sentence. It can, however, do the inverse and order that the federal sentence run concurrent with the state parole violation sentence. The court's authority under Rule 36 only permits it to correct its own sentence. The result, however, would be the same.

The Parole Board's intent is clear. If the sentences are made to run together by this court, the Parole Board will honor the order.

There is not a great deal of jurisprudence governing use of Rule 36. In one old Fifth Circuit case, however, it is made clear that Rule 36 can be used to correct oversights with regard to the concurrent or consecutive status of the sentence imposed in relation to other sentences. See, **Fitzgerald v. United States**, 296 F.3d 37 at 38 (5th Cir. 1961.)

It should be noted that it appears well-settled that Rule 36 should not be used to make substantial changes in a defendant's sentence. See, **United States v. Blackwell**, 81 F.3d 935 at 948 (10th Cir. 1996). The change requested here makes no substantial change in the defendant's federal sentence. In fact, it makes no change whatsoever in the sentence imposed by this court. The change requested would only correct the omission at sentencing with regard to the status of the relationship of the two sentences.

## CONCLUSION

This Motion to Amend Sentence under Rule 36 does not seek any substantial change in the sentence imposed by this Court and because it addresses this Court's omission of any reference to the relationship between the state parole violation sentence and the federal sentence, this Court should grant the motion.  This Court should issue an order saying that the federal sentence is to run concurrently with the Louisiana parole revocation sentence.

Respectfully submitted this 10TH day of May, 2005.

VIRGINIA LAUGHLIN SCHLUETER
Federal Public Defender

_____
JOHN HARVEY CRAFT
500 Poydras Street, Suite 318HB
New Orleans, Louisiana 70130
Telephone: (504) 589-7930
Bar #4540

**CERTIFICATE**

I hereby certify that a copy of the foregoing has been served on Mr. Constantine Georges, Assistant United States Attorney, 500 Poydras Street, New Orleans, Louisiana, by hand delivery this 10th day of May, 2005.

_____
JOHN HARVEY CRAFT
Assistant Federal Public Defender

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO. 00-119 |
| GILES McGEE | * | SECTION: "C" |

**NOTICE OF HEARING**

TO:   Constantine Georges
      Assistant United States Attorney
      500 Poydras Street, 2nd Floor
      Hale Boggs Federal Building
      New Orleans, LA 70130

Please take notice that the undersigned will bring the attached Motion ti Correct Oversight on Sentence for hearing before the Honorable Helen G. Berrigan, Chief United States District Judge, 500 Poydras Street, Room C556, New Orleans, Louisiana, at **9:30 A.M.** on the **25th** day of **May, 2005.**

New Orleans, Louisiana, this 10th day of May, 2005.

VIRGINIA LAUGHLIN SCHLUETER
Federal Public Defender

JOHN HARVEY CRAFT
500 Poydras Street, Suite 318HB
New Orleans, Louisiana 70130
Telephone: (504) 589-7930
Bar #4540