FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAY 24  PM 4: 57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 00-119 |
| v. | * | SECTION: C |
| GILES MCGEE | * | |

\* \* \*

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO CORRECT OVERSIGHT IN SENTENCE**

NOW INTO COURT, comes the United States, through the undersigned Assistant United States Attorney, who respectfully submits that the defendant's motion should be denied.

The defendant, Giles McGee, is currently serving a federal sentence for being a felon in possession of a firearm. He was sentenced on October 23, 2000. The federal offense occurred while the defendant was on state parole for possession with intent to distribute crack cocaine. At the time of the sentencing on the federal charge, the State of Louisiana had not yet litigated the revocation of Giles' parole or sentenced Giles accordingly. The defendant now argues that this Court, omitted a statement or made a clerical error by not addressing its desire at sentencing regarding the issue of consecutive or concurrent time. However, since the revocation issue had not been litigated nor was there a state sentence in place, it is the government's position that the Judge did not err, but deliberately chose not address this issue.

___ Fee_____
___ Process___
_X_ Dktd_____
_✓_ CtRmDep__
___ Doc. No___

Additionally, the government opposes the defendant's motion because such an order would be contrary to the United States Sentencing Guidelines in place at that time. The government acknowledges that the Sentencing Guidelines are now advisory. However, United States Sentencing Guidelines Section 5G1.3 Application Note 6 (Nov. 1998), stated, "If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run *consecutively* to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release."

Finally, the government contends that this is not the type of error that was contemplated by Rule 36 of the Federal Rules of Criminal Procedure. This would constitute a substantive alteration of the sentence and not merely a clerical error. Furthermore, this request is untimely. Giles has already exhausted all appeals and/or requests for post conviction relief. This defendant has not established any legitimate basis for a correction of his sentence.

Accordingly, the government respectfully requests that this court deny the defendant's motion to correct oversight in sentence.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

Tracey N. Knight, # 23165
Assistant United States Attorney
Hale Boggs Federal Building
500 Poydras Street, Second Floor
New Orleans, Louisiana 70130
Telephone: (504) 680-3080

**CERTIFICATE OF SERVICE**
I certify that a copy of the foregoing has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid this _____ day of _____, 20___.

_____
Assistant United States Attorney

- 2 -