UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| versus | NO. 00-119 |
| GILES MCGEE | SECTION "C" |

### ORDER AND REASONS

     Before the Court is Defendant, Giles Mcgee's, Motion to Correct Oversight in Sentence. McGee is currently serving a sentence for being a felon in possession of a firearm. Possessing a firearm was a violation of McGee's parole. McGee argues that the Court should have ordered that his sentence run concurrently with the state sentence he (later) received upon revocation of his state parole. Rule 36 of the Federal Rule of Criminal Procedure states:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct any error in the record arising from oversight or omission.

     In sentencing McGee for his federal crime, McGee asserts, the Court erred in omitting "any reference to the state parole he was on at the time of the sentencing." (Rec. doc. 42, p. 2). "No statement was made by the Court about its preference as to whether the sentence in the instant case and the inevitable state parole revocation time should concurrently or consecutively." (Id.).

The Court agrees with the prosecution that the Court's failure to mention whether the sentence would run concurrently or consecutively was not an "oversight" or "error" in the sense contemplated by Rule 36. The omission was not an error because at the time of the sentencing the State had not yet litigated the revocation of Giles's parole or sentenced him accordingly.

In addition, ordering that the sentence run consecutively would have been contrary to the United States Sentencing Guidelines in place at the time. Section 5G1.3 Application note 6 (Nov. 1998) of the Guidelines stated that

> If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release.

Accordingly,

**IT IS ORDERED** that Giles McGee's Motion to Correct Oversight in Sentence is **DENIED**.

New Orleans, Louisiana, this 15th day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE